| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF NEW YORK |
| Case number *(if known)* _____   Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Ezra Holdings Limited** |
| **2.** | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** <br><br> **75 South Broadway** <br> **Fourth Floor, Office Number 489** <br> **White Plains, NY 10601** <br> Number, Street, City, State & ZIP Code <br><br> **Westchester** <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br> **15 Hoe Chiang Road #28-01** <br> **Tower Fifteen** <br> **Singapore 089316** <br> Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | www.ezraholdings.com | |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor **Ezra Holdings Limited**    Case number (*if known*)
Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
    **5511**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ■ No.
- ☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | **See Attached Schedule** | Relationship | |
|---|---|---|---|---|
| | District | When | Case number, if known | |

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                :
In re                                           :    Chapter 11
                                                :
EZRA HOLDINGS LIMITED,                          :    Case No. 17 -              (      )
                                                :
          Debtor.                               :
-------------------------------------------------------x

# BANKRUPTCY CASES PENDING OR
# BEING FILED BY AFFILIATES OF THE DEBTOR

| DEBTOR | DISTRICT / CASE NO. | RELATIONSHIP |
|---|---|---|
| EMAS IT Solutions Pte Ltd | Southern District of New York | Affiliate |
| Ezra Marine Services Pte. Ltd. | Southern District of New York | Affiliate |
| EMAS Chiyoda Subsea Limited | Southern District of Texas<br>Case No. 17-31146 | Affiliate<br>(filed February 27, 2017) |

Debtor **Ezra Holdings Limited**        Case number (*if known*) _____
   Name

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:* |
|---|---|---|
| | ■ | Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ | A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|---|---|---|

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

### Statistical and administrative information

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|
| | | ☐ Funds will be available for distribution to unsecured creditors. |
| | | ■ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | **Estimated number of creditors** | ☐ 1-49<br>■ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|

| 15. | **Estimated Assets** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ■ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| 16. | **Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>■ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 3

Debtor  **Ezra Holdings Limited**
_____
Name

Case number (*if known*) _____

■ **Request for Relief, Declaration, and Signatures**

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/18/2017
             MM / DD / YYYY

X _____      **Tan Cher Liang**
Signature of authorized representative of debtor      Printed name

Title   **Director**

**18. Signature of attorney**

X _____      Date   03/18/2017
Signature of attorney for debtor                MM / DD / YYYY

**Stephen B. Ravin     Sharon L. Levine**
Printed name

**Saul Ewing LLP**
Firm name

**555 Fifth Avenue
Suite 1700
New York, NY 10017**
Number, Street, City, State & ZIP Code

Contact phone   **973-286-6713**     Email address   **sravin@saul.com; slevine@saul.com**

**7074**
Bar number and State

**EZRA HOLDINGS LIMITED ("COMPANY")**
Company Registration No. 199901411N

March 17, 2017

**CERTIFIED TRUE EXTRACT OF THE DIRECTORS' RESOLUTIONS IN WRITING PASSED ON 17th DAY OF MARCH 2017**

**WHEREAS,** each Director in the board of Directors ("Board") of the Company has confirmed that he or she has no direct or indirect interest in any way in the matters considered herein (otherwise than through their interests in the shares of the Company or unpaid directors' fees);

**WHEREAS,** each Director has reviewed the materials presented by the Company's management ("Management Team") and advisors and has held numerous discussions (including, without limitation, with its management and advisors) regarding such materials and the liabilities and liquidity position of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations; and

**WHEREAS,** each Director has had the opportunity to consult with the Management Team and advisors of the Company and fully consider each of the strategic alternatives available to the Company, and has determined that it is desirable and in the best interests of the Company and its respective creditors, equity holders, employees and other parties-in-interest that the Company file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**WHEREAS,** the Board discussed the foregoing with the Management Team and its advisors and determined, in the judgment of the Board, that it is in the best interests of the Company, its creditors and other parties in interest to appoint a Chief Restructuring Officer (hereafter, the Chief Restructuring Officer shall be included in the term "Management Team").

**BE IT RESOLVED** that each Director of the Company waive any notice, procedure or other formalities requirements which may be required in order to hold a meeting of the Company's Board;

**BE IT FURTHER RESOLVED,** that in the best judgment of the Board, it is desirable and in the best interest of the Company and its creditors, equity holders, employees and parties in interest (including, without limitation, the direct and indirect subsidiaries of the Company), that the Company file or cause to be filed a voluntary petition for relief under the provisions of the Bankruptcy Code in the Bankruptcy Court;

**BE IT FURTHER RESOLVED,** that each of Tan Cher Liang, Tay Chin Kwang and Michael Lai Kai Jin (collectively, the "Authorized Persons"), and any such officers of the Company as the Authorized Persons shall from time to time designate, acting alone or with one

or more other Authorized Persons, be, and hereby are, authorized, empowered, and directed in the name and on behalf of the Company, to execute, verify and file, or cause to be filed, with the Bankruptcy Court, for the Company, all petitions, schedules, lists, motions, applications, pleadings, and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain Chapter 11 bankruptcy relief or in connection with the Chapter 11 case of the Company (the "Chapter 11 Case"), with a view to the successful prosecution of such Chapter 11 Case;

**BE IT FURTHER RESOLVED**, that Robin Chiu, or such other person designated by Goldin Associates LLC ("Goldin"), be, and hereby is, appointed as the Chief Restructuring Officer of the Company upon the terms and conditions of the engagement agreement between the Company and Goldin dated 3 March 2017 (the "Goldin Agreement"), which terms and conditions shall be and are hereby incorporated by reference in these Resolutions;

**BE IT FURTHER RESOLVED**, that the Chief Restructuring Officer shall report to the Board, and shall serve at the pleasure and direction of the Board on the terms and conditions set forth in the Goldin Agreement;

**BE IT FURTHER RESOLVED**, that the Chief Restructuring Officer shall collaborate and maintain open communications with the other members of the Management Team and the Board with respect to all aspects of his or her responsibilities;

**BE IT FURTHER RESOLVED**, that the Chief Restructuring Officer, in coordination with the Management Team and the Company's advisors, shall be authorized from time to time to make decisions, subject to the control and direction of the Board, with respect to certain aspects of the Company's business related to: (a) the development of, or revisions to, the Company's business plan relevant to any restructuring decisions or transactions; (b) the Company's communications with and outreach to its stakeholders; and (c) various other restructuring initiatives, including negotiations with, and proposals to, parties in interest, subject to the direction of the Board in all respects;

**BE IT FURTHER RESOLVED**, that the Chief Restructuring Officer, in coordination with the Management Team and the Company's advisors, shall facilitate negotiations and engagement with the Company's stakeholders;

**BE IT FURTHER RESOLVED**, that the Chief Restructuring Officer shall not have any authority to make decisions with respect to: (a) the hiring or termination of officers or employees; (b) executing transactions; or (c) otherwise committing the Company or its resources, except as expressly authorized or otherwise approved by the Board.

**BE IT FURTHER RESOLVED** that the Management Team is authorized and directed to employ the law firm of Saul Ewing LLP as general bankruptcy counsel to represent and advise the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations, including filing any pleadings in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the

Authorized Persons (at the direction of the Management Team) are authorized and directed to negotiate and enter into appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause the Authorized Persons to file an appropriate application with the Bankruptcy Court for authority to retain the services of Saul Ewing LLP;

**BE IT FURTHER RESOLVED** that the Management Team is authorized and directed to employ the law firm of Drew & Napier LLC as general Singapore counsel to represent and advise the Company in connection with the Chapter 11 Case, and to take any and all actions to advance its rights and obligations; and in connection therewith, the Authorized Persons (at the direction of the Management Team) are authorized and directed to negotiate and enter into appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause the Authorized Persons to file an appropriate application with the Bankruptcy Court for authority to retain the services of Drew & Napier LLC;

**BE IT FURTHER RESOLVED** that the Management Team is authorized and directed to employ the firm of Prime Clerk LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Persons, at the direction of the Management Team, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application to retain Prime Clerk LLC in accordance with applicable law;

**BE IT FURTHER RESOLVED** that the Management Team is authorized, if it should determine it to be necessary and appropriate, to employ such other professionals, including accountants, brokers, appraisers, financial advisors or notice, claims and balloting agents as the Management Team shall select to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance its rights and obligations in connection with the Chapter 11 Case and with any post-petition financing; and in connection therewith, the Authorized Persons (at the direction of the Management Team) are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of any such professionals;

**BE IT FURTHER RESOLVED** that the Management Team is authorized, empowered and directed, in the name and on behalf of the Company, to obtain necessary agreements for post-petition use of cash collateral and/or debtor-in-possession financing, and to authorize and direct the Authorized Persons to execute and deliver agreements regarding the use of cash collateral and/or debtor-in-possession financing, on the terms and conditions presented to the Company that the Management Team may consider necessary, proper or desirable, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company;

**BE IT FURTHER RESOLVED** that the Management Team, and any employees or

agents (including counsel) designated by or directed by the Management Team, is authorized and empowered, in the name and on behalf of the Company, and in consultation with counsel to develop, sign and file a plan of reorganization and disclosure statement for the Company, and amendments thereto as may be necessary from time to time, as are advisable or necessary to further the interests of the Company with respect to the Chapter 11 Case or the Bankruptcy Court and to undertake the process in accordance with applicable law of soliciting votes in favour of any such plan of reorganization so developed;

**BE IT FURTHER RESOLVED** that the Management Team is authorized and empowered, in the name and on behalf of the Company to prosecute the Chapter 11 Case in a manner that in its business judgment is likely to maximize the recovery for stakeholders in the Company and minimize the obligations incurred by the Company;

**BE IT FURTHER RESOLVED** that the Authorized Persons of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as the Management Team shall determine to be necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, including, but not limited to, implementing the foregoing Resolutions and the transactions contemplated by these Resolutions;

**BE IT FURTHER RESOLVED** that that the Common Seal of the Company be and is affixed in accordance with the Constitutional Document of the Company to any other document relating to, or for the purpose of, or in connection with the Chapter 11 Case and transactions contemplated by the foregoing Resolutions, including retention agreements, appropriate loan agreements, guarantees, cash collateral agreements, instruments, certificates and related ancillary documents or other documents necessary to effectuate a successful reorganization of the business of the Company;

**BE IT FURTHER RESOLVED** that Authorized Persons of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing Resolutions as the Management Team shall determine to be necessary, proper and desirable; and

**BE IT FURTHER RESOLVED** that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

These Resolutions may be executed and delivered in multiple counterparts and via facsimile or other electronic means, all of which taken together shall constitute one and the same instrument, and the foregoing Resolutions shall remain in force until receipt of a certified true extract of resolutions amending the same.

**Certified True Extract:**

_____  
Lee Kian Soo  
Director

_____  
Shannon Ong  
Company Secretary

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                    12/15                                        12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DBS Bank Limited 12 Marina Boulevard DBS Asia Central @ Marina Bay Financial Centre Tower3 Singapore 018982 | Name: CCI Attn: Ms. Pat Chiam Tel: +65 6878 2024 Fax: Email: patchiam@dbs.com | Loans | Contingent | $0.00 | | $272,071,000.00 |
| 2 | Oversea-Chinese Banking Corporation Limited 65 Chulia Street, OCBC Centre Singapore 049513 | Name: Oversea-Chinese Banking Corporation Limited Attn: Ms. Lai Li Fang Tel: +65 6890 3788 Fax: Email: LaiLF@ocbc.com | Loans | Contingent | $0.00 | | $184,477,000.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 3 | HSBC Institutional Trust Services (Singapore) Limited (as Trustee) for the holders of the Notes 21 Collyer Quay #03-01 HSBC Building Singapore 049320 | Name: HSBC Institutional Trust Services (Singapore) Limited (as Trustee) for the Holders of the Notes Attn: Ms. Faye Daughters Tel: +65 6658 5863 Fax: Email: fayedaughters@hsbc.com.sg | Loans | | $0.00 | | $ 108,457,980.06 |
| 4 | Svenska Handelsbanken 65 Chulia Street #21-01/04 OCBC Centre Singapore 049513 | Name: Svenska Handelsbanken Attn: Ms. Anita Koh Tel: +65 6531 8309 Fax: Email: Anko01@handelsbanken.se | Loans | | $0.00 | | $12,500,000.00 |
| 5 | RHB Bank Berhad 90 Cecil Street #03-00 Singapore 069531 | Name: RHB Bank Berhad Attn: Mr. Lionel Chew Tel: +65 6225 3111 Fax: Email: lionel.chew@rhbgroup.com | Loans | | $0.00 | | $8,994,801.89 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | United Overseas Bank Limited<br>1 Raffles Place #23-61<br>One Raffles Place Tower 2<br>Singapore 048616 | Name: United Overseas Bank Limited<br>Attn: Ms. Esther Kwa<br>Tel: +65 6922 7371<br>Fax:<br>Email: Chen.Kaini@UOBGroup.com | Loans | | $0.00 | | $8,773,980.32 |
| 7 | Akastor AS<br>PO Box 169 NO 1325<br>LYSAKER<br>Norway | Name: Akastor AS<br>Attn: Mr. Leif H. Borge<br>Tel: +47 21 52 58 00<br>Fax:<br>Email: | Loans | | $0.00 | | $6,406,033.00 |
| 8 | J.P. Morgan (S.E.A.) Limited<br>168 Robinson Road 17th Floor, Capital Tower<br>Singapore 068912 | Name: J.P. Morgan (S.E.A.) Limited<br>Attn: Mr. Edmund Lee<br>Tel: +65 6882 2888<br>Fax:<br>Email: | Loans | | $0.00 | | $2,942,500.00 |

3

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Expand Construction Pte Ltd. Ever Expand Building 85 Defu Lane 10, #02-00 Singapore 539218 | Name: Expand Construction Pte Ltd. Attn: Ms. Aung Soemoe Tel: +65 6298 8066 Fax: Email: | Trade | | $0.00 | | $1,599,935.23 |
| 10 | DBS Bank Ltd. 12 Marina Boulevard DBS Asia Central @ Marina Bay Financial Centre Tower3 Singapore 018982 | Name: DBS Bank Ltd. Attn: Ms. Lim Lay Hoon Tel: +65 6878 4859 Fax: Email: limlayhoon@dbs.com | Trade | | $0.00 | | $1,201,864.45 |
| 11 | Allen & Overy LLP 50 Collyer Quay #09-01 OUE Bayfront Singapore 049321 | Name: Allen & Overy LLP Attn: President or General Counsel Tel: +65 6671 6000 Fax: Email: | Trade | | $0.00 | | $30,488.26 |

4

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Wisteria Hotel Management Pte Ltd. 15 Hoe Chiang Road #01-01 Singapore | Name: Wisteria Hotel Management Pte Ltd. Attn: Ms. Annie Teo Tel: Fax: Email: Annie.teo@jitsun.com | Trade | | $0.00 | | $25,208.15 |
| 13 | Baker & McKenzie Wong & Leow 8 Marina Boulevard #05-01 Marina Bay Financial Centre Tower 1 Singapore 018981 | Name: Baker & McKenzie Wong & Leow Attn: President or General Counsel Tel: +65 6338 1888 Fax: Email: | Trade | | $0.00 | | $18,276.35 |
| 14 | Rockstar Atelier Pte Ltd. 24 Sin Ming Lane Midview City #08-93 Singapore 573970 | Name: Rockstar Atelier Pte Ltd. Attn: Ms. Pixie Gan Tel: +65 6684 1836 Fax: Email: pixie@rockstaratelier.com | Trade | | $0.00 | | $17,647.63 |

5

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Freshfields Bruckhaus Deringer 11th Floor, Two Exchange Square Hong Kong | Name: Freshfields Bruckhaus Deringer Attn: Ms. Catherine Leung Tel: +852 2846 3314 Fax: Email: Catherine.leung@freshfields.com | Trade | | $0.00 | | $13,274.46 |
| 16 | The Hong Kong and Shanghai Banking Corporation Limited Robinson Road PO Box 896 Singapore 901746 | Name: The Hong Kong and Shanghai Banking Corporation Limited Attn: Ms. Faye Daughters Tel: Fax: Email: fayedaughters@hsbc.com.sg | Trade | | $0.00 | | $11,600.27 |
| 17 | Rahmat Lim & Partners The Gardens North Tower Suite 33.01 Level 33 Mid Valley City, Lingkaran Syed Putra Kuala Lumpur, Malaysia 59200 | Name: Rahmat Lim & Partners Attn: Ms. Carol Lim Tel: Fax: Email: carol.lim@rahmatlim.com | Trade | | $0.00 | | $9,964.58 |

6

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Cultural & Entertainment Holidays Pte Ltd 1 Jalan Beresh #02-28 New World Centre Singapore 209037 | Name: Cultural & Entertainment Holidays Pte Ltd. Attn: President or General Counsel Tel: Fax: Email: | Trade | | $0.00 | | $4,689.45 |
| 19 | SeoSumit.com 10 Anson Road, #16-16 Singapore 079903 | Name: SeoSumit.com Attn: Ms. Glenice Toh Tel: +65 6655 2482 Fax: Email: | Trade | | $0.00 | | $4,549.84 |
| 20 | Walkers (Singapore) Limited Liability Partnership 3 Church Street, #16-01 Samsung Hub Singapore 049843 | Name: Walkers (Singapore) Limited Liability Partnership Attn: President or General Counsel Tel: Fax: Email: | Trade | | $0.00 | | $4,061.35 |

7

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                  :

In re                                       :      Chapter 11

EZRA HOLDINGS LIMITED,    :      Case No. 17 -      (  )

               Debtor.      :
------------------------------------------------------x

## CERTIFICATION REGARDING LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

I, Tan Cher Liang, am an authorized officer of the above-captioned debtor and, in such capacity, am familiar with its financial affairs. I declare under penalty of perjury that the foregoing *List of Creditors Holding 20 Largest Unsecured Claims* is true and accurate to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: March 18, 2017                              **Ezra Holdings Limited**

                                                                By: _____
                                                                   Name: Tan Cher Liang
                                                                   Title: Director

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
EZRA HOLDINGS LIMITED,                      :    Case No. 17 -           (    )
                                            :
            Debtor.                         :
------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(A)(1) AND 7007.1

I, Tan Cher Liang, am an authorized officer of the above-captioned debtor and, in such capacity, am familiar with its financial affairs. In accordance with Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1 , I hereby certify that Debtor Ezra Holdings Limited is a publicly traded company. The only entity owning more than 10% of the Debtor's equity interests is Oversea Chinese Bank Noms Pte., which holds approximately 17% of the Debtor's publicly traded shares.

Dated: March 18, 2017                       **Ezra Holdings Limited**

                                            By: _____
                                            Name: Tan Cher Liang
                                            Title: Director