UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                                     :
In re                                                :    Chapter 11
                                                     :
EZRA HOLDINGS LIMITED *et al.*,[1]                   :    Case No. 17-22405 (RDD)
                                                     :
           Debtors.                                  :    Joint Administration Requested
-----------------------------------------------------x

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER PURSUANT
TO 11 U.S.C. §§ 105(a), 362 & 365 OF THE BANKRUPTCY CODE ENFORCING
AND RESTATING AUTOMATIC STAY AND *IPSO FACTO* PROVISIONS**

The above-captioned debtors and debtors-in-possession (the "Debtors"), hereby move for entry of an order, in substantially the form submitted herewith, enforcing and restating the automatic stay and *ipso facto* provisions of the Bankruptcy Code (the "Motion"), and in support thereof respectfully represent as follows:

**BACKGROUND, JURISDICTION AND VENUE**

1.    On the date hereof (the "Petition Date") each of the Debtors filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee,

---

[1] The Debtors in these chapter 11 cases, along with the last five characters of each Debtor's registration identification number, include: Ezra Holdings Limited (1411N) ("Ezra"); Ezra Marine Services Pte. Ltd. (7685G); and EMAS IT Solutions Pte. Ltd (5414W). The location of the Debtors' U.S. office and the Debtors' service address is: 75 South Broadway, Fourth Floor, Office Number 489, White Plains, NY 10601.

examiner, or statutory committee of unsecured creditors has been appointed in these chapter 11 cases.

3. The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105(a), 362 and 365 of the Bankruptcy Code.

6. A detailed description of the Debtors' businesses and the facts precipitating the filing of these chapter 11 cases are set forth in the Declaration of Robin Chiu (the "First Day Declaration"), submitted in support of the Debtors' bankruptcy petitions and various "First Day Motions." Those facts, to the extent relevant, are incorporated herein by reference.

## RELIEF REQUESTED

7. Debtor Ezra Holdings Limited, directly and through its affiliates (collectively, the "Ezra Group"), operate internationally – in more than sixteen locations across six continents spanning Africa, the Americas, Asia, Australia and Europe. As a result of the Ezra Group's international presence, much of their assets are outside the United States and from time to time in the possession of their foreign creditors.

8. Many of the parties with which the Ezra Group does business are local to the countries in which the Ezra Group operates and without contacts in the United States. Many, if not all, of these entities may be unfamiliar with the scope of a debtor-in-possession's authority to conduct its business, the operation of the automatic stay, and other protections and restrictions of the Bankruptcy Code. In the event of nonpayment of prepetition amounts or upon learning of the commencement of this Chapter 11 Case, these foreign actors could take actions that would cause immediate and irreparable harm to the Debtors and their estates. For example, these parties may

-2-

attempt to seize assets, assert maritime liens, seek to arrest vessels, or terminate leases or contracts with the Debtors or their affiliates pursuant to *ipso facto* provisions in contravention of section 365 of the Bankruptcy Code.

9. Accordingly, by this Motion, the Debtors seek entry of an order, pursuant to sections 105(a), 362, and 365 of the Bankruptcy Code, enforcing and restating the automatic stay and *ipso facto* provisions of the Bankruptcy Code. The Debtors believe that a specific order from the Bankruptcy Court will help to protect the Debtors and their assets from improper actions, including by parties in foreign jurisdictions who are not familiar with the Bankruptcy Code or its protections and who might otherwise violate those sections. A proposed form of order is attached hereto.

## THE RELIEF REQUESTED SHOULD BE GRANTED

10. As a result of the commencement of these chapter 11 cases, and by operation of law pursuant to section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things, taking any action to obtain possession of property of the estate or to exercise control over property of the estate. The injunction contained in section 362 of the Bankruptcy Code constitutes a fundamental protection for debtors, which, provides the Debtors with a "breathing spell from [their] creditors" that is essential to the Debtors' ability to reorganize successfully. See, e.g., Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984, 989 (2d Cir. 1990) (citations omitted).

11. Given its fundamental importance to a debtor's reorganization, courts broadly construe the stay provisions of section 362. The automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, see, e.g., Fed. Ins. Co. v. Sheldon, 150 B.R. 314, 319-20 (S.D.N.Y. 1993) (termination of insurance contract void because it violated automatic stay), and has been held to apply extraterritorially, see Hong

-3-

Kong & Shanghai Banking Corp. v. Simon (In re Simon), 153 F.3d 991, 996 (9th Cir. 1998) ("Given this clear expression of intent by Congress in the express language of the Bankruptcy Code, we conclude that Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate."); Nakash v. Zur (In re Nakash), 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("[B]ased upon the applicable Code sections [and] other indicia of congressional intent . . . the automatic stay applies extraterritorially."); In re McLean Indus., 74 B.R. 589, 601 (Bankr. S.D.N.Y. 1987) ("The automatic stay applies extraterritorially.").

12.    In addition, section 365(e)(1)(B) of the Bankruptcy Code invalidates so-called "*ipso facto*" provisions by prohibiting a debtor's contract counterparties from terminating their contracts because of the bankruptcy filing. Section 365(e)(1)(B) of the Bankruptcy Code provides, subject to certain limited exceptions, that:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on . . . the commencement of a case under this title.

11 U.S.C. §365(e)(1)(B).

13.    Thus, the application of the protections afforded a debtor by sections 362 and 365 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition. See 11 U.S.C. §362 ("a petition filed under section 301 . . . of this title . . . operates as a stay applicable to all entities, of [among other things,] . . . any act to obtain possession over property of the estate or property from the estate or to exercise control over property of the estate"); 11 U.S.C. §365 ("any right or obligation under [an executory contract or unexpired lease of the debtor] may not be terminated or modified, at any time after the commencement of the case solely because of an *ipso facto* provision").

14. Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Section 105(a) therefore authorizes bankruptcy courts to issue injunctions and take other necessary steps in aid of their jurisdiction.

15. Notwithstanding the fundamental nature of the automatic stay and *ipso facto* protections and the fact that they arise as a matter of law upon the commencement of a chapter 11 case, not all parties affected or potentially affected by the commencement of a chapter 11 case are aware of these Bankruptcy Code provisions and of their significance and impact. Experience has shown that it is often necessary to advise third parties of the existence and effect of the automatic stay and the invalidation of *ipso facto* provisions, particularly in cases in which a debtor conducts significant business in foreign jurisdictions. Occasionally, it is necessary to commence proceedings in the bankruptcy court to enforce these provisions. Accordingly, it is not uncommon for a bankruptcy court to issue an order embodying and restating the provisions of sections 362 and 365 of the Bankruptcy Code.

16. Although an order of the sort sought by this motion is not necessary to trigger the protections of sections 362 and 365, the entry of such an order will be helpful for the Debtors in explaining to foreign parties the existence and broad scope of these protections. The granting of the relief requested will help ensure that (i) the non-debtor parties to unexpired leases and executory contracts with the Debtors or their affiliates will continue to perform and will not unilaterally terminate contracts and (ii) parties do not seize the Debtors' or their affiliates assets, or take any other action in violation of the automatic stay. The Debtors submit that the relief requested herein will facilitate a smooth and orderly transition into Chapter 11 and minimize the disruption of the Debtors' business affairs.

## **NOTICE**

17. Notice of this motion is being provided to (i) the Office of the United States Trustee for the Southern District of New York (Attention: Andrea B. Schwartz and Shannon Scott, 201 Varick Street, Room 1006, New York, NY 10014), (ii) each of the Debtors' pre-petition secured lenders, (iii) the holders of the thirty largest unsecured claims on a consolidated basis against the Debtors, (iv) the Debtors' taxing authorities, and (v) counterparties to the Debtors' contracts and leases. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be given.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

*[Space Left Blank Intentionally]*

**WHEREFORE**, the Debtors respectfully request entry of an order substantially in the form annexed hereto granting the relief requested herein and such other and further relief as is just.

Dated: March 23, 2017                                   **SAUL EWING LLP**

                                                By:     */s/Sharon L. Levine*
                                                        Sharon L. Levine
                                                        Jeffrey C. Hampton
                                                        Stephen B. Ravin
                                                        Dipesh Patel
                                                        Aaron S. Applebaum
                                                        1037 Raymond Boulevard
                                                        Suite 1520
                                                        Newark, NJ 07102
                                                        Telephone: (973) 286-6713
                                                        Facsimile:  (973) 286-6821
                                                        slevine@saul.com
                                                        jhampton@saul.com
                                                        sravin@saul.com
                                                        dpatel@saul.com
                                                        aapplebaum@saul.com

                                                                -and-

                                                        555 Fifth Avenue
                                                        Suite 1700
                                                        New York, NY 10017
                                                        Telephone: (212) 980-7200

                                                        *Proposed Attorneys for Debtor*