UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                :
In re                                           :    Chapter 11
                                                :
EZRA HOLDINGS LIMITED *et al.*,[1]              :    Case No. 17-22405 (RDD)
                                                :
        Debtors.                                :    Jointly Administered
-------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 362 AND 365 OF THE BANKRUPTCY CODE ENFORCING AND RESTATING AUTOMATIC STAY AND *IPSO FACTO* PROVISIONS

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to sections 105(a), 362, and 365 of the Bankruptcy Code enforcing and restating the automatic stay and *ipso facto* provisions of the Bankruptcy Code, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and sufficient notice of the Motion having been provided as set forth in the Motion, and no other or further notice being required; and upon the Motion, the papers in support thereof and the First Day Declarations, and the record of the hearing held by the Court on the Motion on March 27, 2017; and there being no objections to the requested relief; and the Court having found and determined that the relief sought in the Motion and granted herein is necessary to avoid

---

[1] The Debtors in these chapter 11 cases, along with the last five characters of each Debtor's registration identification number, include: Ezra Holdings Limited (1411N) ("Ezra"); Ezra Marine Services Pte. Ltd. (7685G); and EMAS IT Solutions Pte. Ltd (5414W).  The location of Debtors' U.S. office: 75 South Broadway, Fourth Floor, Office Number 489, White Plains, NY 10601.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

immediate and irreparable harm to the Debtors and their estates and is in the best interests of the Debtors, their estates, creditors and all parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that subject to the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code and the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other persons and entities and all those acting on their behalf) whether located within the United States or otherwise, and governmental units, whether any foreign country (including any division, department, agency, instrumentality, or service thereof and all those acting on their behalf), or of the United States, any state or locality therein or any territory or possession thereof, are hereby stayed, restrained, and enjoined from:

(a) taking any action whether inside or outside the United States to obtain possession of property of any of the Debtors' estates wherever located or to exercise control over property of the Debtors' estates[3], wherever located, or interfere in any way with the conduct by the Debtors of their businesses;

(b) taking any action to create, perfect, or enforce any lien (including any maritime lien) against property of the estates of the Debtors;

(c) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding (including any insolvency proceeding) against the Debtors that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of the Chapter 11 Cases;

---

[3] Each reference to "Debtors" herein includes any of the Debtors individually.

    (d)    enforcing, against the Debtors or against property of the estates of the Debtors, a judgment or order obtained before the commencement of the Chapter 11 Cases;

    (e)    taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Chapter 11 Cases;

    (f)    taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Chapter 11 Cases; and

    (g)    offsetting any debt owing to the Debtors that arose before the commencement of the Chapter 11 Cases against any claim against the Debtors;

provided, in each case, that the extent of the foregoing injunction is coextensive with the extent of the automatic stay under section 362 of the Bankruptcy Code; and it is further

**ORDERED** that pursuant to sections 362 and 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in a contract ("Contract") or lease ("Lease") or any applicable law, all persons (including individuals, partnerships, corporations, and other persons and entities and all those acting on their behalf) are hereby stayed, restrained, and enjoined from terminating or modifying any and all Contracts and Leases to which the Debtors are a party or signatory, at any time after the commencement of these cases because of a provision in such Contract or Lease that is conditioned on the (i) insolvency or financial condition of the Debtors at any time before the closing of these cases or (ii) commencement of this Chapter 11 Cases under the Bankruptcy Code. Accordingly, all such persons are required to continue to perform their obligations under such Leases and Contracts during the post-petition period; provided, in each case the foregoing injunction is coextensive with the extent of such sections of the Bankruptcy Code; and it is further

**ORDERED** that nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease; and it is further

**ORDERED** that in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable law, upon request of a party-in-interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate and warranted to terminate, annul, modify, or condition the injunctive relief herein; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated:        White Plains, New York
              March 27, 2017

/s/Robert D. Drain_____
Honorable Robert D. Drain
United States Bankruptcy Judge