**Proposed Hearing Date and Time:  January 8, 2018 at 10:00 a.m. (Eastern Time)**

**SAUL EWING ARNSTEIN & LEHR LLP**
Sharon L. Levine
Jeffrey C. Hampton
Stephen B. Ravin
Dipesh Patel
Aaron S. Applebaum
1037 Raymond Boulevard
Suite 1520
Newark, NJ 07102
Telephone: (973) 286-6713
Facsimile:  (973) 286-6821


-and-


555 Fifth Avenue
Suite 1700
New York, NY 10017
Telephone: (212) 980-7200

*Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| EZRA HOLDINGS LIMITED *et al.*,[1] | : | Case No. 17 – 22405 (RDD) |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------x

### DEBTORS' MOTION FOR APPROVAL OF USE OF
### PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),

through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order

approving the use of property outside the ordinary course of business pursuant to section 363(b)

---

[1] The Debtors in these chapter 11 cases, along with the last five characters of each Debtor's registration identification number, include: Ezra Holdings Ltd. (1411N) ("Ezra"); Ezra Marine Services Pte. Ltd. (7685G); and EMAS IT Solutions Pte. Ltd (5414W).  The location of the Debtors' U.S. office is 75 South Broadway, Fourth Floor, Office Number 489, White Plains, NY 10601.

of title 11 of the United States Code (the "Bankruptcy Code").  In support of this Motion, the

Debtors respectfully represent as follows:

<u>**BACKGROUND**</u>

1.      On March 18, 2017 (the "Petition Date"), each of the Debtors filed with the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code").

2.      The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee,

examiner, or statutory committee of unsecured creditors has been appointed in these chapter 11

cases (the "Chapter 11 Cases").

3.      The Debtors' Chapter 11 Cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

4.      The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§

157 and 1334.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      The statutory predicate for the relief requested herein is section 363(b) of the

Bankruptcy Code and Rules 6004 and 9013 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

6.      Facts relating to the Debtors' business operations and factors leading to the filing

of these bankruptcy cases are set forth in the *Declaration of Robin Chiu in Support of Chapter 11

Petitions* (the "Chiu Declaration") [ECF No. 2], which the Debtors incorporate herein by

reference.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**EZRA'S JOINT VENTURE INTEREST IN EMINENT OFFSHORE LOGISTICS**

8.      Ezra is an investment holding company for a group of companies (the "Ezra Group") which collectively provide integrated offshore solutions for the oil and gas industries. See, Chiu Declaration, ¶ 4.

9.      One of the companies in which Ezra holds an ownership interest is Eminent Offshore Logistics Pte. Ltd. ("Eminent Offshore").  Eminent Offshore is a joint venture between Ezra and Ezion Holdings Limited ("Ezion").  Eminent Offshore owns six vessels, currently located either in Indonesia or the UAE, none of which are currently in service and which have been kept out of service in order to minimize operating expenses.

10.     On November 28, 2017, Eminent Offshore's board of directors issued a Notice of Extraordinary General Meeting (the "EGM Notice") to Ezra and Ezion, a copy of which is attached hereto as **Exhibit A**, detailing Eminent Offshore's precarious financial position and recommended course of action.   The proposed Extraordinary General Meeting (the "EGM") described therein has not yet taken place, and has been adjourned pending Ezra's obtaining bankruptcy court approval to vote its interest therein.

11.     The EGM Notice sets forth the following general background with regard to Eminent Offshore's current status:

- Eminent Offshore has been unable to secure work for its vessels for a number of reasons, including, that the vessels' conditions are unfit for work.  Moreover, Eminent Offshore faces significant costs to render the vessels suitable for work, including costs of repair, engaging shallow draft/assist tugs to shift the vessels from their current yard, and port due during such repairs.

- In addition to the general status of the vessels, Eminent Offshore has experienced difficulty securing work for these vessels due to poor market conditions.  Even when potential charterers inquired, the vessels did not meet most charterers' requirements because they are not ballastable.

- Further, with respect to the vessels located in the UAE, such vessels now must clear UAE waters before entering to comply with UAE regulations. Such compliance would result in substantial additional cost.

- Eminent Offshore is currently insolvent, holding cash of approximately $33,000 and facing liabilities in excess of $2.3 million (excluding shareholder loans). The company incurs at least $2,000 per day related to berthing and port dues in connection with the vessels.

- Under the circumstances, Eminent Offshore's board of directors recommends selling the vessels for purposes of scrap at fair market value.

12. Eminent Offshore's board of directors has also advised that, if they cannot obtain the requisite approval to sell their vessels, they intend to file an application with the Singapore High Court to wind-up Eminent Offshore.

13. Ezra, as a fifty percent joint venture owner of Eminent Offshore, agrees with the board of directors' recommendation and believes a sale of the vessels is in the best interest of Eminent Offshore.

14. Because Ezra's ownership interest in Eminent Offshore constitutes property of Ezra's bankruptcy estate, and because Ezra is asked to vote its ownership interest at an extraordinary general meeting, Ezra's decision to vote its shares in favor of the transaction may constitute a use of property outside the ordinary course of business as contemplated by section 363(b) of the Bankruptcy Code.

15. Accordingly, the Debtors respectfully seek entry of an order, in substantially the form attached hereto, authorizing Ezra to vote its interest in Eminent Offshore to approve the board of directors' recommendation, and for such other authority as may reasonably relate thereto.

24200080.2 12/27/17

**BASIS FOR RELIEF**

16.    Section 363(b) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b).

17.    Bankruptcy Rule 6004 provides, in pertinent part, that "Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i) and (k) and, if applicable, in accordance with § 363(b)(2) of the Code."

18.    Ezra's ownership interest in Eminent Offshore constitutes property of Ezra's bankruptcy estate,  and voting such interest at the extraordinary meeting may constitute the use of such property other than in the ordinary course of business.

19.    Pursuant to section 363(b) of the Bankruptcy Code, "[a] Chapter 11 debtor in possession's transactions other than those in the ordinary course of business must be authorized by the court after notice and a hearing."  In re Crystal Apparel, Inc., 220 B.R. 816, 829 (Bankr. S.D.N.Y. 1998).  "The purpose of requiring notice and a hearing if a transaction is other than in the ordinary course of business is so that creditors, who have a vital interest in maximizing realization from assets of the estate, have an opportunity to review the terms of the proposed transaction and to object if they deem the terms and conditions are not in their best interest." Id. at 830; see also In re Caldor, Inc., 193 B.R. 182, 186 (Bankr. S.D.N.Y. 1996).

20.    "The debtor's sale or use of property of the estate outside the ordinary course of business should be approved by this Court if there is a sound business justification for the proposed transaction."  In re Residential Capital, LLC, 2013 WL 3286198, *18, Case No. 12-12020 (Bankr. S.D.N.Y. June 27, 2013); see also In re Iridium Operating LLC, 478 F.3d 452,

466 (2d Cir. 2007) ("In this Circuit, the sale of an asset of the estate under § 363(b) is permissible if the 'judge determining [the] § 363(b) application expressly find[s] from the evidence presented before [him or her] at the hearing [that there is] a good business reason to grant such an application.'"); see also, Caldor, 193 B.R. at 187 (noting the standard for approval of a transaction outside the ordinary course of business is whether such transaction is a sound exercise of the debtor-in-possession's business judgment.

21.      "Once a debtor has articulated a valid business justification under section 363, a presumption arises that the debtor's decision was made on an informed basis, in good faith, and in the honest belief that the action was in the best interest of the Debtors." Residential Capital, at *18; see also Official Comm. of Sub. Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992). "Once 'the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct.'" Residential Capital, at *18, quoting Comm. of Asbestos Related Litigants v. Johns Manville Corp. (In re John-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

22.      Here, the Debtors have shown a sound business justification for Ezra to vote its interest to approve the board of directors' recommendation to sell the vessels.  Eminent Offshore is insolvent, and adopting the board's proposal prevents the incurrence of additional liabilities. While the sale may not result in surplus proceeds to Ezra on account of its ownership interest, Ezra has concluded that non-approval of the transaction would leave Eminent Offshore with no alternative but to seek a winding up of its affairs, which could have an even more detrimental impact on Ezra's ownership value, thus constituting a sound business justification to approve the transaction.

24200080.2 12/27/17

23.     Accordingly, the Debtors respectfully request entry of an order, in substantially the form submitted herewith, authorizing Ezra to vote its interest in Eminent Offshore to approve the board of directors' recommendation to sell its vessels, and to take such other actions as may be necessary in connection therewith, and finding that such action constitutes a sound exercise of the Debtors' business judgment.

## RELIEF FROM RULE 6004(h)

24.     Bankruptcy Rule 6004(h) provides that "an order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

25.     Due to the limited nature of the "use" of property sought herein, the voting of shares to approve a non-debtor entity's business dealings, the Debtors respectfully suggest no purpose is served by a 14-day stay of the order approving this motion, and respectfully request relief from the stay provided in Bankruptcy Rule 6004(h).

## NOTICE

26.     Notice of this Motion is being provided in accordance with the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures, dated April 25, 2017* [Docket No. 58]. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be given.

## NO PRIOR REQUEST

27.     No prior request for the relief requested herein has been made to this Court or to any other court in connection with the Bankruptcy Cases.

24200080.2 12/27/17

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order submitted herewith, granting the relief requested herein and such other and further relief as is just and proper.

Dated:  December 27, 2017                 Respectfully submitted,

                                          **SAUL EWING ARNSTEIN  & LEHR LLP**

                              By:    */s/Aaron S. Applebaum*
                                     Sharon L. Levine
                                     Jeffrey C. Hampton
                                     Stephen B. Ravin
                                     Dipesh Patel
                                     Aaron S. Applebaum
                                     1037 Raymond Boulevard
                                     Suite 1520
                                     Newark, NJ 07102
                                     Telephone: (973) 286-6713
                                     Facsimile:  (973) 286-6821
                                     Sharon.Levine@saul.com
                                     Jeffrey.Hampton@saul.com
                                     Stephen.Ravin@saul.com
                                     Dipesh.Patel@saul.com
                                     Aaron.Applebaum@saul.com

                                          -and-

                                     555 Fifth Avenue
                                     Suite 1700
                                     New York, NY 10017
                                     Telephone: (212) 980-7200

                                     *Attorneys for the Debtors*

24200080.2 12/27/17